# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 14-M- 89 |
| **SAUL ERNESTO POLANCO-CASTILLON** <br> *Defendant* | August 11, 2014 |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 4, 2014, in the Western District of New York, the defendant, an alien, having been previously deported and removed from the United States following a conviction for an aggravated felony on November 19, 2005, entered and attempted to enter the United States, without first having obtained permission from the Attorney General of the United States to re-apply for admission to the United States,

all in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Jill M. Kulczyk, Enforcement Officer, CBP
*Printed name and title*

Sworn to before me and signed in my presence.

_____
*Judge's signature*

Date: August 11, 2014

City and State: Buffalo, New York          HON. H. KENNETH SCHROEDER, JR., USMJ
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

**Jill M. Kulczyk**, being duly sworn, deposes and states:

1. I am an Enforcement Officer with United States Customs and Border Protection ("CBP"), within the Department of Homeland Security ("DHS"), and have been so employed for the past sixteen years. In such capacity, my duties include investigating persons who have violated Federal Immigration laws and other related Federal statutes.

2. As part of my current duties, I have become involved in an investigation of a suspected violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

3. I make this affidavit in support of the annexed criminal complaint charging SAUL ERNESTO POLANCO-CASTILLON ("POLANCO"), an alien, born in 1966 in El Salvador, with having attempted entry into the United States without the expressed consent of the Attorney General of the United States or the Secretary of Homeland Security after having been deported or removed from the United States subsequent to a conviction of an offense designated as an aggravated felony, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

4. This affidavit is being submitted for the limited purpose of securing a Criminal Complaint. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable

cause to believe that POLANCO did knowingly violate Title 8, United States Code, Sections 1326(a) and (b)(2).

5. On August 4, 2014, at approximately 12:18 p.m., at the Peace Bridge Port of Entry in Buffalo, New York, CBP Officer Nicholas Virgilio was assigned to primary inspection when an Ontario plated vehicle entered his lane for inspection. POLANCO, the driver of the vehicle, stated that he was a citizen of Canada and presented his Canadian passport (#GL214XXX). POLANCO was accompanied by his wife, Maria De Jesus Abarca De Polanco and their three children. All occupants of the vehicle were Canadian citizens, traveling on valid Canadian passports. A primary name query resulted in a positive match to POLANCO's wife, for having been previously deported from the United States. POLANCO stated that he and his family were traveling to the Buffalo, New York area for an overnight shopping trip and would be returning to Canada the following day. Officer Virgilio referred the vehicle and all occupants for secondary inspection.

6. At approximately 1:00 p.m., CBP Officer Bruce Reid initiated the secondary inspection of POLANCO. During this inspection, POLANCO stated that he was coming to the United States to go shopping for the day and would probably be staying overnight but had not yet booked a hotel. After examining the Canadian passports, Officer Reid noted that two of POLANCO's children were born in in the United States, one born in 1999 and the other born in 2004. Officer Reid questioned POLANCO regarding his previous immigration status in the United States. POLANCO stated that was previously present in the United States to seek asylum as a citizen of El Salvador. POLANCO further explained

2

that while he was awaiting asylum in the U.S. he was granted an employment authorization card by the legacy Immigration and Naturalization Service. Officer Reid ran standard queries and was unable to verify POLANCO'S asylum claim in the U.S. using the name and date of birth on POLANCO'S Canadian Passport. Officer Reid asked POLANCO if he had ever been refused entry to the U.S. and POLANCO stated that he was refused entry to the U.S. in 1995, at which time he was a citizen of Canada. Officer Reid further inquired how POLANCO was able to file for asylum in the United States while he was a citizen of Canada. POLANCO explained that he used a variation of his name and date of birth while living in the United States, claiming to be a citizen of El Salvador, in the hopes that it would prevent U.S. officials from discovering that he was also a citizen of Canada. Officer Reid then asked POLANCO if he had ever been arrested. POLANCO stated that he was arrested for having sex with his girlfriend. Officer Reid explained that having sex with a girlfriend is not a criminal violation and then asked POLANCO to further explain. POLANCO admitted that he pled guilty and was convicted of having sex with a minor. POLANCO also stated that he went to jail and was later deported from the United States to Canada.

7. At approximately 2:00 p.m., CBP Officer Jonathan Innocent conducted an automated scan of POLANCO's fingerprints to submit for comparison with existing records. Officer Innocent received an electronic notification that the fingerprints taken from POLANCO were a match to fingerprints on file and indexed by FBI number 920134XXX and Fingerprint Identification Number "FIN" 19713XX. These records indicated that POLANCO had previous immigration violations, criminal arrests and convictions in the

United States. These records further indicated that POLANCO was a match to a specific alien registration number.

8. At approximately 3:20 pm, CBP Enforcement Officer Daniel Whitten conducted immigration electronic database queries using the name SAUL ERNESTO POLANCO, born in 1972, with his alien registration number. These queries revealed that POLANCO had been ordered removed by an Immigration Judge on October 13, 2005, after having been convicted of a crime designated as an aggravated felony. Immigration records indicate that POLANCO was convicted of Sex with a Minor Under Sixteen Years of Age in the State of California. POLANCO was physically removed from the United States and deported to Canada on November 19, 2005. During a subsequent interview of POLANCO, he stated that his name was Saul Ernesto Polanco Castellon born in El Salvador in 1966. POLANCO admitted to having an aggravated felony conviction in the United States and to using a false name and date of birth while living in the United States because he was unlawfully present. POLANCO also stated that he had never applied for or received permission from the Attorney General or the Secretary of Homeland Security to return to the United States.

9. Documents obtained from POLANCO's Alien File have been obtained and reveal that POLANCO had been last removed from the United States, to Canada, on November 19, 2005. At that time, he was advised that he was prohibited from reentering the United States for life as he has been convicted of a crime designated as an aggravated

felony. Furthermore, he was warned not to attempt to reenter the United States without the permission of the Secretary of Homeland Security.

10.  Record checks failed to show that any permission to enter the United States had been applied for or received by POLANCO.

11.  Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that SAUL ERNESTO POLANCO-CASTILLON has violated Title 8, United States Code, Sections 1326(a) and (b)(2).

                                                                                                    _____
                                                                                                    Jill M. Kulczyk, Enforcement Officer
                                                                                                    U.S. Customs and Border Protection

Sworn to and subscribed to before me this
11th day of August 2014.

_____
HON. H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE